```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

NANETTE LAURENCE,            )
                             )
     Plaintiff               )
                             )    NO. 3:06-0637
v.                           )
                             )    Judge Campbell/Brown
ANTEON & BLANCHFIELD HSP, et al.,)
                             )
     Defendants              )

TO: CHIEF JUDGE TODD J. CAMPBELL

## REPORT AND RECOMMENDATION

Presently pending before the Court is a motion by Blanchfield Hospital, Juanita Joyner, Jane Russell and Sandy Jarman to dismiss (Docket Entry 26). For the reasons stated below, the Magistrate Judge recommends that this motion be granted and that these Defendants be dismissed from this case with prejudice.

## BACKGROUND

The Plaintiff, acting *pro se*, filed her complaint on June 26, 2006 (Docket Entry 1). Her complaint, Under Title VII of the Civil Rights Act of 1964, alleges that she was discriminated against on the basis of race. Attached to her complaint was a copy of her EEOC complaint. In this complaint she alleged that she was hired by Anteon Corporation as an Appointment Clerk and that this company was located at the Blanchfield Army Community Hospital where they were doing contract work for the hospital. She alleges that she was assigned to the credentials office and that she experienced difficulty with on-line HIPPAA training. She alleges that caucasian employees who experienced the same problems that she

had were given additional training and that although she finally finished her training, she was discharged. She alleges that she was the only African American so treated.

Anteon a/k/a General Dynamics Information Technology, Inc. filed an answer in this case (Docket Entry 20) in which they admit that they were the Plaintiff's employer.

The Defendant, Sandy Jarman, filed a document with the Court (Docket Entry 23) which was treated as an answer. She denied that she was an employer of the Plaintiff.

After reviewing the pleadings, the Magistrate Judge raised with the parties a concern that the Plaintiff did not have a cause of action against any Defendant other than Anteon Corporation. The Magistrate Judge scheduled a Rule 16 hearing on February 15, 2007, to discuss this matter. Subsequently, the Federal Defendants filed the present motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). In this motion, they alleged numerous grounds for dismissal, including failure to name the agency head as a defendant, failure to properly exhaust administrative remedies, failure to state a proper jurisdictional basis for a Title VII action against a federal defendant, and failure to state a claim to which she is entitled to relief (Docket Entries 26 and 27).

At the Rule 16 hearing, the Plaintiff admitted that she was not employed by any of the Federal Defendants and that she was solely employed by Anteon Corporation.

## LEGAL DISCUSSION

The Magistrate Judge pointed out in his original consideration of this case, that it appeared from the pleadings that Anteon Corporation was her sole employer and that individuals who were not the Plaintiff's employers are not subject to suit under Title VII. *See Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997) (Docket Entry 24). The Government in its memorandum cites a number of cases pointing out that the complaint fails to allege a proper jurisdictional basis against any federal defendant. The Federal Defendants do attach two affidavits for the purpose of establishing that the government was not an employer and that the Plaintiff did not file any charges of discrimination with the Federal Defendants. Normally the filing of affidavits would require the Court to consider matters outside of the pleadings and would convert this into a motion for summary judgment. However, in this case it is apparent to the Magistrate Judge that the Hospital and the individuals named in the complaint are not the Plaintiff's employers and, accordingly, are not subject to suit. The Plaintiff does not contest this fact and, accordingly, the Magistrate Judge believes that the law is clear that her complaint does not state a complaint against these Defendants and they are entitled to dismissal at this stage.

There is no motion to dismiss by Anteon Corporation and a scheduling order for the disposition of the remainder of the case

is being entered contemporaneously with this Report and Recommendation.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion to dismiss (Docket Entry 26) be granted and that this case be dismissed as to those Defendants only with prejudice.

Under Rule 72(b) of the Federal rules of civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 15th day of February, 2007.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

4